# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| Hillary Wissart, | |
| Plaintiff, | |
| v. | Case No. |
| Rocket Mortgage, LLC. | |
| Defendant. | |

## CLASS ACTION COMPLAINT AND DEMAND FOR A JURY TRIAL

## INTRODUCTION

1.      Hillary Wissart brings this action against Rocket Mortgage, LLC (Rocket) for violations of the Telephone Consumer Protection Act (TCPA) and the Florida Telephone Solicitation Act (FTSA).

2.      Both the TCPA and FTSA prohibit telemarketers from calling consumers after they have communicated a stop request.

3.      Starting on October 9, 2025, Rocket Mortgage began calling and texting Wissart.

4.      That same day, Wissart told Rocket to stop.

5.      Rocket acknowledged her request and told Wissart she had opted out.

6.      Despite this, Rocket has continued to call Wissart.

7.      Wissart wanted Rocket's spam to stop. Many others do as well.

8.      Rocket has been sued 55 other times in federal court for TCPA violations. But Rocket's illegal spam continues unabated.

9.      To hold Rocket accountable for its illegal conduct, Wissart brings this action individually, and on behalf of two putative classes.

## JURISDICTION AND VENUE

10.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C § 227, which is a federal statute.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a significant portion of the facts giving rise to this lawsuit and Rocket's wrongful conduct occurred in this District.

12.     This Court has supplemental jurisdiction over the Florida state claims under 28 U.S.C § 1367.

## PARTIES

13.     Hillary Wissart is a citizen of Florida, residing in Kissimmee.

14.     Rocket Mortgage, LLC is a Michigan corporation with its principal place of business in Michigan.

## FACTUAL ALLEGATIONS

15.     Wissart is the sole user of the residential cellular telephone number 407-745-6122. Wissart uses this phone number at home. Wissart makes and takes

personal calls and text messages on this phone number. Wissart does not use this phone number in any business. This is Wissart's only phone number.

16.     Wissart is not now, and never has been, a customer of Rocket.

17.     On October 9, 2025, Wissart visited RocketMortgage.com to check current mortgage rates.

18.     Later that day, on October 9, at 3:48 PM, Rocket called Wissart from the number 313-545-0524.

19.     Wissart did not answer this call.

20.     Rocket then left a voicemail.

21.     The voicemail said: "Hello, this is Miguel Rodriguez calling with Rocket Mortgage. I'm one of our executive bankers here at Rocket. I work with our partnership here with Woodforce and got your submission. Wanted to go over some of the incentives and discounts that we have to offer. Give me a call when you can at 313-545-0524."

22.     Two minutes later, at 3:50 PM, Rocket sent Wissart a text message.

23.     The text message said: "Hi Hillary! I'm Miguel Rodriguez with Rocket Mortgage 🏠 I'll be your dedicated Team Member throughout your home financing journey. Feel free to reach me at (313) 545-0524. What brings you to Rocket Mortgage today? NMLS #1687732. Reply STOP to opt out."

24.     A minute later, at 3:51 PM, Wissart responded "STOP" to opt out of Rocket's calls, text messages, and voicemails.

3

25.    Wissart expected this request to stop all solicitations from Rocket.

26.    Rocket immediately responded with a confirmation that said: "You have successfully been unsubscribed. You will not receive any more messages from this number. Reply START to resubscribe."

27.    Here is a screenshot of Wissart's text message exchange with Rocket:



28.    Despite acknowledging Wissart's opt out, Rocket has continued to call Wissart.

29. Rocket called Wissart on October 10, 14, 15, 16, 17, 21, 22, 23, 24, 27, 28, and 29 from 313-545-0524.

30. On the October 23 call, Miguel Rodriguez left another voicemail message.

31. Wissart received multiple calls from Rocket more than 10 business days after she communicated her stop request to Rocket via text message.

32. The purpose of Rocket's calls was to encourage Wissart to purchase Rocket's mortgage products and services.

33. Rocket makes phone calls, leaves voicemails, and sends text messages all from the same phone number: 313-545-0524.

34. Rocket uses the same phone system to make calls, leave voicemails, and send text messages.

35. As demonstrated by the above calls, Rocket does not honor consumers' opt-out requests.

36. Rocket has not instituted proper procedures for maintaining a list of persons who request not to receive telemarketing, as evidenced by Rocket's calls to Wissart after she made a stop request.

37. Rocket made telemarketing calls to Wissart prior to implementing and maintaining proper internal do not call list procedures.

5

38.     Rocket's calls have annoyed and invaded the privacy of Wissart and the class members, intruded upon their seclusion, and negatively impacted their enjoyment and use of their phones.

## LEGAL STANDARD

### *Telephone Consumer Protection Act*

39.     Under the TCPA, "[n]o person or entity shall initiate… any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive such calls." 47 C.F.R. § 64.1200(d).

40.     Telemarketers "must honor a residential subscriber's do-not-call request within a reasonable time . . . not [to] exceed ten (10) business days." *Id*. at 64.1200(d)(3).

41.     "Any revocation request using the word stop, in reply to an incoming text message, constitutes a reasonable means per se to revoke consent. That consent is considered definitively revoked and the caller may not send additional robocalls and robotexts." *Bosley v. A Bradley Hosp. LLC*, No. 25-CV-22336, 2025 WL 2686984, at *8 (S.D. Fla. Sept. 19, 2025) (cleaned up) (citing 47 C.F.R. § 64.1200(a)(10)).

### *Florida Telephone Solicitation Act*

42.     Under the FTSA, a telephone solicitor "may not initiate an outbound telephone call, text message, or voicemail transmission to a consumer. . . who has

previously communicated to the telephone solicitor. . . that he or she does not wish to receive an outbound telephone call, text message, or voicemail transmission. . . ." Fla. Stat. § 501.059(5)(a).

## CLASS ACTION ALLEGATIONS

43. Pursuant to Federal Rule of Civil Procedure 23(b)(3), Wissart brings this action on behalf of herself, and two classes of persons similarly situated.

44. Wissart proposes the following two classes:

**The National Stop Class**
All persons in the United States who (1) are not Rocket customers, (2) sent Rocket an opt-out text message, and (3) thereafter Rocket called more than once within a 12-month period, (4) in the four years from the filing of this action through the date of class certification.

**The Florida Stop Class**
All Florida residents who (1) are not Rocket customers, (2) sent Rocket an opt-out text message, and (3) thereafter Rocket called, (4) in the four years from the filing of this action through the date of class certification.

45. The classes likely exceed 10,000 members.

46. As a result, joinder is impracticable.

47. Questions of law and fact common to the class members include whether Rocket initiated the calls, whether Rocket's calls constitute telemarketing, whether the calls were made knowing and willfully, and whether class members are entitled to statutory and treble damages.

7

48.    Wissart's claims are typical of the class because they arise out of the same conduct by Rocket (calls after an opt-out text message) and are based on the same legal theory under the TCPA and FTSA (calls after an opt-out).

49.    Wissart is an adequate representative because her interests do not conflict with those of the classes, and she will fairly represent the interests of the classes. Plaintiff's counsel also has no conflict and is experienced in both TCPA and FTSA class actions.

50.    The questions common to the class predominate over individualized questions.

51.    A class action is superior to individual suits because it saves judicial resources, promotes consistency and efficiency, provides a forum for small claimants, and deters illegal activities. Class members prosecuting separate actions is unlikely because of the time and expense required. Damages are statutory and straightforward. Notice can be provided by mail or other means. There is no difficulty in managing this case as a class action.

## FIRST CAUSE OF ACTION
### Violations of 47 U.S.C. § 227(c) & 47 C.F.R. 64.1200(d)
### (ON BEHALF OF WISSART AND THE NATIONAL STOP CLASS)

52.     Rocket violated 47 C.F.R. § 64.1200(d) by initiating, or causing to be initiated, calls to Wissart and the National Stop Class without instituting the requisite procedures for honoring stop requests.

53.     Wissart and members of the National Stop Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

54.     The court should award $1,500 in statutory damages for each knowing or willful violation. *Id*.

## SECOND CAUSE OF ACTION
### Violations of Fla. Stat. § 501.059(5)
### (ON BEHALF OF WISSART AND THE FLORIDA STOP CLASS)

55.     Rocket violated Fla. Stat. § 501.059(5) by initiating, or causing to be initiated, calls to Wissart and the Florida Stop Class after they sent an opt out text message.

56.     Wissart and members of the Florida Stop Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. Fla. Stat. § 501.059(10)(a).

57.     The court should award $1,500 in statutory damages for each knowing or willful violation. Fla. Stat. § 501.059(10)(b).

## RELIEF REQUESTED

Wissart respectfully requests that the Court grant Wissart and all class members the following relief against Rocket.

    A.    Certification of the proposed classes;

    B.    Appointment of Hillary Wissart as class representative;

    C.    Appointment of The HQ Firm, P.C. as counsel for the classes;

    D.    An award of damages to Wissart and class members, as allowed by law;

    E.    An award of fees, costs, and interest, as allowed by law; and

    F.    Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Wissart requests a jury trial as to all claims of the Complaint so triable.

DATED November 10, 2025        Respectfully submitted,

        /s/ James Wertheim

        James Wertheim, *Pro Hac Vice pending*
        Ohio Bar No. 29464
        The HQ Firm, P.C.
        7533 S. Center View Ct. #4424
        West Jordan, UT 84084
        385-440-4121
        jim@thehqfirm.com

        *Lead Counsel for Plaintiff*