# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

HILLARY WISSART,

     Plaintiff,

    v.

ROCKET MORTGAGE, LLC,

    Defendant.

Case No. 6:25-cv-2155-RBD-RMN

## ROCKET MORTGAGE, LLC'S REPLY IN SUPPORT OF
## ITS MOTION TO COMPEL ARBITRATION AND STAY THIS ACTION [1]

---

[1] On February 23, 2026, the Court granted leave for Rocket Mortgage to submit this Reply. (ECF No. 37.)

The Opposition argues that the parties' agreement is lacking in mutuality, and unenforceable because it is illusory and unconscionable.  Each argument is deficient, and the illusory and unconscionable challenges are not properly before the Court.

## ARGUMENT

Wissart's claim that the Terms do not satisfy Michigan law's[2] mutuality requirements (ECF No. 34 ("Opp.") at 4-5) is incorrect.  Under Michigan law, a mutuality of agreement "requires assent to the agreement's material terms" and a mutuality of obligation "means consideration."  *Gentherm, Inc. v. Sargent & Greenleaf, Inc.*, 797 F. Supp. 3d 755, 761 (E.D. Mich. 2025) (quotations omitted).  The Opposition does not dispute that Wissart twice manifested her assent to the Terms by entering her phone number on the Website and clicking a box labeled "Confirm & get my rate." (*See* ECF No. 24 at 7-12.)  Having effectively conceded this point, Wissart cannot claim a lack of mutuality of agreement.  Nor can Wissart claim a lack of mutuality of obligation because the law is clear that *any* consideration in exchange for an agreement establishes a mutuality of obligation.  *See, e.g., Bloomer v. Word Network Operating Co., Inc.*, 785 F. Supp. 3d 251, 264 (E.D. Mich. 2025) ("Where there is consideration, there is also mutuality of obligation supporting an agreement.").  In exchange for Wissart's agreement to the Terms, Rocket Mortgage expressly agreed to provide access to "mortgage and real estate Services, including home search tools,

---

[2] Ironically, in arguing for the application of Michigan formation law, Wissart seeks to enforce the choice-of-law provision in an agreement she claims was never formed.

1

mortgage information, and additional resources." (ECF No. 25-1, Ex. 2 ¶ 3.)  This consideration forecloses Plaintiff's mutuality claim with respect to the Terms as a whole, and also her claim that the arbitration agreement itself lacks mutuality.  "So long as there is sufficient consideration underlying a broader contractual arrangement that includes an arbitration clause, there is no need for mutuality [of] obligation as to the arbitration provision specifically" under Michigan law. *Seguin v. Royal Highness, LLC*, No. 24-CV-12691, 2025 WL 2797277, at *4 (E.D. Mich. Sept. 30, 2025); *see also Vanwechel v. Regions Bank*, No. 8:17-CV-738-T-23AAS, 2017 WL 1683665, at *1 (M.D. Fla. May 3, 2017) (arbitration clause enforceable "if consideration supports the balance of the contract"); *Mech. Power Conversion, L.L.C. v. Cobasys, L.L.C.*, 500 F. Supp. 2d 716, 719 (E.D. Mich. 2007) ("So long as there is valid consideration for the contract as a whole, an arbitration clause in an otherwise valid contract is enforceable regardless of whether the clause grants all parties the same right to demand arbitration.").[3]

Wissart also asserts that mutuality is lacking under Florida law because the Terms require arbitration of claims that can be brought only by customers.  (Opp. at 6, 9-10.)  But Wissart's contention that "[a]rbitration provisions are enforceable only when both sides are equally bound to arbitrate the disputes covered (Opp. at 9) is incorrect factually (*supra* n.3) and legally. *See, e.g.*, *Vanwechel*, 2017 WL 1683665, at *1 (discussing enforceability of one-sided arbitration clauses); *Tranchant v. Ritz Carlton*

---

[3] Wissart's claim that the arbitration provision "only binds one party—the consumer" (Opp. at 6) is overstated.  The provision is not one-way and imposes requirements on Rocket Mortgage.  (*See, e.g.,* ECF No. 25-1, Ex. 2 ¶ 15 ("neither you nor Rocket may join or consolidate claims in arbitration" and "[b]oth parties waive any right to a jury trial").)

*Hotel Co., LLC*, No. 2:10-cv-233-FTM-29, 2011 WL 1230734, at *6 (M.D. Fla. Mar. 31, 2011) (enforcing one-sided arbitration clause).

Because Wissart's mutuality arguments fall far short of the mark and the Opposition fails even to mention, much less challenge, the enforceability of the delegation clause, all of Wissart's remaining arguments that the parties' agreement is illusory or unconscionable should be referred to the arbitrator. When "faced with a valid delegation clause, courts are required to refer claims to arbitration to allow the arbitrator to decide gateway arbitrability issues such as whether an arbitration agreement is illusory or unconscionable." *AMC Pinnacle, Inc v. Jeunesse, LLC*, No. 6:18-CV-1102-Orl-40DCI, 2018 WL 6267314, at *3 (M.D. Fla. Nov. 30, 2018); *see also Swiger v. Rosette*, 989 F.3d 501, 505 (6th Cir. 2021) (arbitrability issues "within the court's province" only if delegation clause specifically challenged); *see also In re StockX Customer Data Sec. Breach Litig.*, No. 19-12441, 2020 WL 7645597, at *5 (E.D. Mich. Dec. 23, 2020), *aff'd,* 19 F. 4th 873 (6th Cir. 2021) (if "asked to enforce a delegation provision . . . the Court may only consider [challenges to] the delegation provision").

Even absent the delegation clause, Wissart's argument that the Terms are "illusory" because Rocket Mortgage can periodically revise them still must be referred to the arbitrator because it relates to the Terms as a whole and does not concern the formation of the contract. In *Buckeye Check Cashing, Inc. v. Cardegna*, the United States Supreme Court held that, "a challenge to the validity of the contract as a whole, not specifically to the arbitration clause, must go to the arbitrator." 546 U.S. 440, 449 (2006); *see Am. Specialty Oils Co. v. eWorkplace Sols. Inc.*, No. 20-11017, 2020 WL

3

7338561, at *3 (E.D. Mich. Dec. 14, 2020) (quotations omitted) (claims involving "the validity of the contract as a whole . . . [go to] the arbitrator, not the district court in deciding a petition to compel arbitration"); *Stephens v. Checkr, Inc.*, No. 8:19-CV-2252-T-36AAS, 2019 WL 8138178, at *5 (M.D. Fla. Nov. 25, 2019) (challenge to contract as a whole "must be resolved by the arbitrator in accordance with . . . *Buckeye*").

In any case, Plaintiff's argument relies on a series of inapplicable Michigan employment cases that address the enforceability of employee handbooks and policy manuals expressly stating that they are not contracts.[4] (*See* Opp. at 5-6.) Here, both the Terms and the Website notice provide that the Terms are binding. Further distinguishing Plaintiff's employment cases is that several rely on the Michigan Supreme Court's decision in *Heurtebise v. Reliable Bus. Computers,* which was not decided under the Federal Arbitration Act. *See* 550 N.W.2d at 249. Additionally, the Terms here provide that Rocket Mortgage has the right to "revise and update" the Terms, not cancel them at will, which distinguishes the Terms from the sales letters that the court in *Werner v. Hewlett-Packard Co.* held were illusory because the defendant reserved the right to "cancel . . . at any time." No. 13-10287, 2015 WL 1005332, at

---

[4] *See, e.g., McLeod v. Ennis Ctr. For Children, Inc.*, 2:24-CV-12407-TGB-KGA, 2025 WL 2214083, at *1 (E.D. Mich. Aug. 4, 2025) ("Employee Handbook contain[ed] a disclaimer advising employees that it is not the same as an employment contract"); *Chambers v. Catholic Charities of Shiawassee and Genesee Cntys.*, No. 21-115398-CZ, 2022 WL 2286203, at *3 (Mich. Ct. App. June 23, 2022) (policy manual with "disclaimer stating that it did not form an employment contract"); *Stewart v. Fairlane Comm'y Mental Health Ctr.*, 571 N.W.2d 542, 546 (1997) (policy manuals stated "Not a Contract of Employment" and "neither an 'employment agreement' nor a 'contract of employment'"); *Heurtebise v. Reliable Bus. Computers*, 550 N.W.2d 243, 247 (Mich. 1996) (employee handbook provided "the Policies specified herein do not create any employment or personal contract, express or implied").

4

*2, *8 (E.D. Mich. Mar. 5, 2015).[5]

Plaintiff also argues that the Terms are unconscionable. But here again, the delegation provision prevents the Court from considering that argument. *See Rent-A-Ctr., West, Inc. v. Jackson*, 561 U.S. 63, 72-76 (2010) (where valid delegation clause exists and is unchallenged, court cannot decide unconscionability challenge); *Orellana v. Roblox Corp.*, 769 F. Supp. 3d 1273, 1289 (M.D. Fla. 2025) (court "need not consider the unconscionability claim" absent challenge to delegation provisions).

Even if the Court could consider unconscionability, this is not a case where the agreement is "so outrageously unfair as to shock the judicial conscience." *Dorward v. Macy's*, No. 2:10-CV-669-FTM-29, 2011 WL 2893118, at *6 (M.D. Fla. July 20, 2011) (quotations omitted). The indicia of unconscionability are lacking because the agreement applies only to TCPA claims and does not preclude any relief on those claims that would otherwise be available in court, and Wissart does not allege that she did not understand the agreement. *See, e.g., Tranchant,* 2011 WL 1230734, at *6 (upholding one-sided arbitration agreement against unconscionability challenge).

For the foregoing reasons, and as set forth in Rocket Mortgage's opening brief (ECF No. 24), the Court should compel arbitration of Wissart's claims and stay this action.

---

[5] The Opposition emphasizes that any updates to the Terms are "effective" upon publication (Opp. at 2, 6), which is true as a general matter as to a new user's visit to the Website, but ignores that the Terms also explain that such updates are not binding on individual users unless and until those users choose to continue using the Website after the changes become effective. (ECF No. 25-1, Ex. 2 ¶¶ 1, 4.) Regardless, the change clause is a red herring because Plaintiff identifies no relevant changes to the Terms since she accepted them.

5

Dated:  March 2, 2026

Respectfully submitted,

*/s/ Michael D. Starks*
ANDREW KEMP-GERSTEL
Florida Bar No. 0044332
Email: akg@lgplaw.com
Secondary Email: mkv@lgplaw.com
MICHAEL D. STARKS
Florida Bar No. 0086584
Email: mds2@lgplaw.com
Secondary Email: sck@lgplaw.com
ANTHONY M. SARTINI
Florida Bar No. 1059621
Email: ams@lgplaw.com
Secondary Email: sck@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, Florida 33130
Telephone: (305) 379-0400
Facsimile: (305) 379-9626

W. Kyle Tayman (*pro hac vice*)
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
KTayman@goodwinlaw.com

*Counsel for Rocket Mortgage, LLC*

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this **2nd** day of **March 2026**, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Michael D. Starks*
MICHAEL D. STARKS

7